# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOHN ERVIN WILSON,<br>a/k/a John Wilson, SCDC ID #295493,<br><br>       Petitioner,<br><br>v.<br><br>MICHAEL MCCALL, WARDEN, LEE<br>CORRECTIONAL INSTITUTION,<br><br>       Respondent. | CIVIL ACTION NO. 9:13-1003-RMG-BM<br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on April 10, 2013.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on August 30, 2013. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on September 3, 2013, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition to summary judgment on September 13, 2013. This matter is now before the Court for disposition.[2]

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
(continued...)



**Procedural History**

Petitioner was indicted in the May 2006 term of the Darlington County Grand Jury for armed robbery [Indictment No. 06-GS-16-1051], kidnapping [Indictment No. 06-GS-16-1052], and possession of a weapon during the commission of a violent crime [Indictment No. 06-GS-16-1053]. (R.pp. 319-323). <u>See also</u> Respondent's Attachment No. 2 (Court Docket No. 29-3). Petitioner was represented by Public Defender Robert Kilgo, and on August 15, 2006, Petitioner came before the State Court and requested to be "co-counsel" with Mr. Kilgo. The state court judge advised Petitioner that there was no provision for hybrid representation, and also advised of the dangers of self-representation. (R.pp. 9-11). When asked if he would rather have Mr. Kilgo continue to represent him or appear <u>pro se</u>, Petitioner responded that he would prefer to appear <u>pro se</u>. (R.p. 11). Petitioner subsequently proceeded to trial by a jury, <u>pro se</u>, on September 19, 2006. After the presentation of the state's case during the trial, the trial judge directed a verdict of acquittal on the kidnapping charge. (R.p. 189). At the conclusion of the trial, Petitioner was found guilty, by the jury, on the remaining two charges. (R.pp. 235-236). Petitioner was sentenced to thirty (30) years for armed robbery and five (5) years, consecutive, for possession of a weapon during the commission of a violent crime. (R.pp. 246-247).[3]

---

[2](...continued)
Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Petitioner is also currently serving an aggregate sentence of twenty (20) years following a plea to five (5) other charges in Kershaw County. Petitioner pled guilty on August 27, 2009, before the Honorable G. Thomas Cooper to unlawful possession of a sawed off shotgun; possession of a firearm during a violent crime; armed robbery; and two (2) counts of kidnapping. <u>See</u> Court Docket No. 29-18, p. 3. These sentences for these convictions are being served concurrently with the sentence in the conviction presently being challenged. <u>Id</u>. at p. 18. Petitioner withdrew his PCR
(continued...)



Petitioner timely filed a direct appeal. Petitioner was represented on appeal by Deputy Chief Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent Defense, who filed an Anders[4] brief and requesting to be relieved and raising the following issue:

The solicitor's prejudicial closing argument denied appellant the right to a fair trial.

(R.p. 253).

On March 4, 2008, Petitioner submitted a pro se brief in supplement to appellate counsel's brief, in which he raised the following issue:

Trial Judge showed prejudicial actions against Defendant by denying [Defendant] the right to a fair trial. Also denied [Defendant] of having a [sic] stand by attorney during [Defendant's] trial.

See Court Docket No. 29-4, p. 4.

On February 10, 2009, the South Carolina Court of Appeals dismissed the appeal and granted counsel's request to be relieved. (R.pp. 261-262). The Remittitur was sent down on February 26, 2009. See Court Docket No. 29-5.

Petitioner then filed an Application for Post Conviction Relief ("APCR") in state circuit court on February 26, 2009. Wilson v. State of South Carolina, No. 2009-CP-16-0146. (R.pp.

_____

[3](...continued)
challenge to the Kershaw plea on December 3, 2012. See Court Docket No. 29-19. Accordingly, as Respondent notes, "it appears custody as to the Kershaw plea is currently settled, and Petitioner may not be released even if he obtained relief in this proceeding." See Respondent's Memorandum in Support of Summary Judgment, p. 2, n. 1.

[4]Anders v. California, 386 U.S. 738 (1967). Anders requires appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.



263-268). Petitioner raised the following issues in his APCR:

> **Ground One:** I was convicted without counsel or standby counsel after I asked for counsel by (3) three judges;
>
> **Ground Two:** Evidence was not disclosed in my case after . . asked and motioned for: tape mugshot's photo line ups;
>
> **Ground Three:** Trial judge suppress "Mug Shot Photo's," but brought/introduced mug shot's in court to the attention to the Jury & Court.

(R.pp. 264-265).

Petitioner was represented in his APCR by Charles T. Brooks, Esquire. (R.p. 277). While this action was pending, Petitioner filed "an almost identical application" on July 7, 2009. <u>See</u> Court Docket No. 29-6. On September 11, 2009, the State moved to merge the two outstanding PCR actions. <u>See</u> Court Docket No. 29-7. An evidentiary hearing was held on September 15, 2009. (R.pp. 277-307).[5] At the start of the hearing, the PCR court granted the motion to consolidate. (R.p. 279). On October 27, 2009, the PCR Judge entered a written order denying Petitioner's APCR in its entirety. (R.pp. 308-313).

Petitioner appealed the denial of his APCR, and was represented in his appeal by Elizabeth A. Franklin-Best, Appellate Defender with the South Carolina Commission on Indigent Defense, who raised the following issue:

> Did appellate counsel render ineffective assistance of counsel when she did not submit a merits brief on the issue of Petitioner's waiver of his right to counsel and the record on appeal submitted to the Court of Appeals, and relied upon by them in

---

[5]The transcript contains underlined sentences or passages. Respondent represents to the Court that the copy of the evidentiary hearing transcript as well as the PCR court's order in the Appendix submitted in this case has underlining as it appears in the copy served upon the State in the PCR appeal. Respondent states that he is not relying on the underlining to emphasize or detract from any particular point, but has merely provided copies as they were received from Petitioner in the PCR appeal. <u>See</u> Respondent's Memorandum in Support of Summary Judgment, p. 4, n. 4, 5.



conducting their <u>Anders</u> review of the case, did not include the waiver hearing?

<u>See</u> Petition, p. 2 (Court Docket No. 29-9, p. 3).

The South Carolina Supreme Court transferred the matter to the South Carolina Court of Appeals;

<u>see</u> Rule 243 (l), South Carolina Appellate Court Rules ("The Supreme Court may transfer a case

filed under this rule to the South Carolina Court of Appeals."); and by Order dated March 7, 2013,

the South Carolina Court of Appeals denied the petition. <u>See</u> Court Docket No. 29-11.[6] The

Remittitur was sent down on March 25, 2013. <u>See</u> <u>See</u> Court Docket No. 29-12.[7]

After receiving the South Carolina Court of Appeals' decision denying the appeal of

his first APCR, Petitioner filed this federal habeas corpus petition, raising the following issues:

> **Ground One**: Failure of Inquiry to Petitioner knowing & Intelligent Waiver of his (6th) & (14th) Amend to counsel rendered waiver of that right invalid.

> **Ground Two:** Guaranteed by the (8th) (6th) & (14th) Amend, Due process, Petitioner right was Violated as Petitioner Appellant Attorney(s) Failure to disclose transcript & etc.

> **Ground Three**:  PCR counsel ineffectiveness violated petitioner (5th)(6th) & (14th) Amend due process, by not showing Appellant counsel ineffectiveness or transcript.

---

[6]The decision by the Court of Appeals was the final decision of the Court, as the South Carolina Supreme Court has barred the filing of petitions to review orders by the Court of Appeals denying certiorari review in PCR appeals. <u>See</u> <u>Missouri v. State</u>, 663 S.E.2d 480 (S.C. 2008).

[7]On September 15, 2009, while his first PCR action was still pending, Petitioner filed a third APCR, raising the following issue:
"Victim in & out of court Identification was Inconsistent."
<u>See</u> Petition, p. 3; <u>Wilson v. South Carolina</u>, C.A. No. 2009-CP-160670 [Court Docket No. 29-13]. This same issue had been raised to the PCR judge in the merged PCR action, and was addressed in the Order of Dismissal. (R.pp. 311-312). The State moved to dismiss the petition, because it was successive. <u>See</u> Court Docket No. 29-14. The PCR judge issued a conditional order of dismissal on dated February 5, 2010, and Petitioner filed a "motion in opposition". <u>See</u> Court Docket Nos. 29-15 & 29-16. The PCR judge thereafter granted the State's motion and dismissed the third PCR petition, with prejudice. <u>See</u> Order dated April 15, 2010 (filed on April 26, 2010)[Court Docket No. 29-17].



**Ground Four:** Supreme Court on Petitioner Writ of Certiorari violated his (5th) (6th) & (14th) Amend due process by not granting certiorari For Waiver hearing.

**Ground Five:** The petitioner's right to the due process of Law, as guaranteed by the fifth [] Sixth and fourteenth Amendments, Was Violated by the State introduction of an suppressed mug shot during petitioners trial to the Victim & jury prejudice Petitioner to a [sic] Fair trial.[8]

See Petition, pp. 6-11 & Attachments.

On April 23, 2013, Petitioner filed an Amendment to his petition offering additional arguments in support of his claims, as follows:

Petitioner would state in his: "Ground: (1)(2)(3) & (4);" that he has the burden to prove his: "Appellate[] Counsel & (PCR) Counsel, Was ineffective, and by such ineffectiveness, Prejudiced Petitioner to an Fair Appellant & (PCR) review.

See Amended Petition.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social

---

[8]Respondent listed this claim in his motion as being a ground for relief asserted by the Petitioner. It is not clear where this claim is located in the Petition, but Petitioner addressed it in his response. Therefore, the undersigned has addressed this as a claim herein as well.



6

Services, 901 F.2d 387 (4th Cir. 1990).

## I.

Initially, it is readily apparent that Petitioner raises issues in his federal habeas Petition which were not properly presented and preserved for review in his state court proceedings. First, Petitioner contends in Ground One that the trial court failed to make the necessary inquiry into his knowing and intelligent waiver of his right to counsel. However, Petitioner never raised this issue at the trial level so it was not preserved for appellate review. (R.p. 45). Therefore, even if his counsel had attempted to raise it on appeal, it would have been procedurally barred. State v. Dunbar, 587 S.E.2d 691, 693-694 (S.C. 2003)["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."][9] Petitioner also failed to properly raise Grounds Two and Five of his Petition in his state court proceedings. In Ground Two, Petitioner contends that his appellate counsel was ineffective for failing to file a copy of the transcript from the August 15, 2006 pretrial hearing where his counsel was relieved. However, Petitioner did not raise this issue in his APCR. Rather, he attempted to raise it in his PCR appeal brief and alleges that his cause for failure to raise it sooner was ineffective assistance of PCR counsel. In Ground Five, Petitioner raises claims regarding the admissibility of a mug shot at trial which was raised in a similar form in his APCR,

---

[9]Notwithstanding this issue being barred, Petitioner attempted to raise this issue in his *pro se* brief on direct appeal, and the South Carolina Court of Appeals specifically acknowledged Petitioner asserting it prior to dismissing the appeal. See Order filed February 10, 2009, The State v. Wilson, No. 2009-UP-071. Therefore, out of an abundance of caution, the undersigned has further addressed this claim in Section II of this opinion, infra.



but was not preserved in his PCR appeal.[10]

Since Petitioner did not make a contemporaneous objection at trial as to Ground One

to preserve the issue for appeal, did not make a post-trial motion in his PCR case to request that

Ground Two be addressed in the Court's order,[11] and did not pursue Ground Five in his PCR appeal,

these issues were not properly preserved in Petitioner's APCR and lower state court proceedings.[12]

See Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009)[Finding that

although Petitioner attempted to raise the issue in his PCR appeal, the issue was procedurally barred

where PCR court did not rule on the issue and Petitioner's motion to alter or amend did not include

---

[10]The Court also notes that the photograph at issue was not admitted into evidence at trial.
(R.pp. 67-68, 233-234, 238).

[11]Petitioner did not file a motion for the PCR court to reconsider its order denying his APCR,
even though such a motion was necessary with regard to Ground Two if he wanted to assert or
preserve that issue. Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000)[A "party must timely file
a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its
order."] (citing Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled
on by the PCR judge in order to be preserved for review]; Marlar v. State, 653 S.E.2d 266, 267 (S.C.
2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific
findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate
review . . . ."]; Humbert v. State, 548 S.E.2d 862, 865 (S.C. 2001); Plyler v. State, 424 S.E.2d 477,
478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for
appellate review; see also Rule 59(e), SCRCP [providing avenue for any party to move to alter or
amend a judgment if they believe necessary matters not addressed in original order]; Primus v.
Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst.,
No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-
1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747).

[12]The Fourth Circuit has held that, prior to the decision of the South Carolina Supreme Court
in Marlar, South Carolina courts had not consistently applied the procedural bar based on a PCR
applicant's failure to file a Rule 59(e) motion. See Bostick v. Stevenson, 589 F.3d 160, 164-165 (4th
Cir. 2009). Here, however, the PCR court's order was filed on October 27, 2009, well after the South
Carolina Supreme Court's decision in Marlar in November of 2007. Marlar v. State, 653 SE.2d 266
(S.C. 2007). Therefore, Petitioner's failure to file a Rule 59(e) motion regarding Ground Two bars
this claim. See Marlar v. Warden, Tyger River Correctional Institution, 432 Fed.Appx. 182, 186-188
(4th Cir. May 25, 2011).



any request for a ruling in regard to the issue]; White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); State v. Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal."]; cf. Miller v. Padula, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008).

 Because Petitioner did not properly raise and preserve these issues in his APCR and state court proceedings, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted.  Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar



consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

With respect to a showing of cause, Petitioner argues that, to the extent any of his issues are procedurally defaulted, he should still be allowed to pursue them because any default is due to ineffective assistance of his appellate and/or PCR counsel as well as that the State pressured him at trial not to raise any issue regarding Ground One. Petitioner also argues that he has a limited education and mental health issues, which he apparently attempts to use as a basis for the cause of his default of Ground One and as part of his argument that his waiver of counsel was not knowingly and voluntarily made. Petitioner also argues his appellate counsel was ineffective for not filing the August 15, 2006 transcript with his direct appeal, that his PCR counsel was ineffective for failing to raise the issue regarding his appellate counsel not filing the transcript, and in Ground Five that his PCR appellate counsel was ineffective for failing to raise an issue regarding the mug shot in his PCR



appeal.

Since Petitioner represented himself at trial, he can not claim ineffective assistance of counsel as cause for his procedural default as to Ground One.  With respect to direct appeal appellate counsel and PCR counsel, the United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default."  Murray, 477 U.S. at 488; see also  Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc).  However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996); and this Court has previously held that ineffective assistance of *PCR counsel* (as opposed to trial or direct appeal counsel) does not amount to an independent constitutional violation, and is not therefore "cause" for a procedural default.  Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.  Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th



Cir. 1994); <u>Lamp v. State of Iowa</u>, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); <u>Parkhurst v. Shillinger</u>, 128 F.3d 1366, 1371 (10th Cir. 1997); <u>Williams v. Chrans</u>, 945 F.2d 926, 932  (7th Cir. 1992); <u>Gilliam v. Simms</u>, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

However, the Supreme Court has recently held that <u>Martinez</u>  provided

that a "narrow exception" should "modify the unqualified statement in <u>Coleman</u> that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." <u>Martinez</u>, 566 U.S. at ___, 132 S.Ct. at 1315. [F]or three reasons. First, the "right to the effective assistance of counsel at trial is a bedrock principle in our justice system . . . . Indeed, the right to counsel is the foundation for our adversary system." <u>Id.</u> at ____, 132 S.Ct. at 1317.

Second, ineffective assistance of counsel on *direct appellate review* could amount to "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a constitutional claim. <u>Id.</u> at ____, 132 S.Ct. at 1316, 1317.  But States often have good reasons for initially reviewing claims of ineffective assistance of trial counsel during state collateral proceedings rather than on direct appellate review.  <u>Id.</u> at ___, 132 S.Ct. at 1317-1318.  That is because review of such a claim normally requires a different attorney, because it often "depend[s] on evidence outside the trial record," and because efforts to expand the record on direct appeal may run afoul of "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . . to investigate the ineffective-assistance claim." <u>Id.</u> at ____, 132 S.Ct. at 1318.

Third, where the State consequently channels initial review of this constitutional claim to collateral proceedings, a lawyer's failure to raise an ineffective assistance of counsel claim during initial-review collateral proceedings, could (were <u>Coleman</u> read broadly) deprive a defendant of any review of that claim at all.  <u>Martinez</u>, <u>supra</u> at ____, 132 S.Ct. at 1316.

We consequently read <u>Coleman</u> as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." <u>Martinez</u>, <u>supra</u> at ____, 132 S.Ct. at 1318-1319, 1320-1321.

<u>Trevino v. Thaler</u>, 133 S.Ct. 1911, 1917-1918 (2013); <u>Gray v. Pearson</u>, No. 12-5, ___ Fed. Appx.



___, 2013 WL 2451083 at * 2 (4th Cir. June 7, 2013)["The Supreme Court had previously held in Coleman that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel *cannot* establish "cause" to excuse a procedural default." Coleman, 501 U.S. at 757.  The Court established an exception to that rule in Martinez."].

Since, under South Carolina law, a claim of ineffective assistance of trial counsel is raised in an APCR; cf. State v. Felder, 351 S.E.2d 852 (S.C. 1986); Bryant v. Reynolds, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); Gray, 2013 WL 2451083, at * 4, fn *; Petitioner's claim of ineffective assistance of PCR counsel as "cause"for his default has been considered hereinbelow under the revised standard of Martinez and Trevino.  However, the limited exception in Martinez is not applicable to claims regarding appellate counsel.  Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir. 2012)[observing that "*Martinez* applies only to a 'prisoner's procedural default of a claim of ineffective assistance of trial,' not to claims of deficient performance by appellate counsel."]; but see Ha Van Nguyen v. Curry, ___ F.3d ___, 2013 WL 624285 at **4-6 (9th Cir. Dec. 4, 2013)[discussing Martinez's applicability to appellate counsel].

Accordingly, since there can be no claim of ineffective assistance of trial counsel in this case (since Petitioner represented himself at trial pro se), Petitioner cannot establish cause for his procedural default of Ground One on that basis.  Further, with regard to Ground Two, PCR counsel's failure to assert a claim of ineffective assistance of appellate counsel inPetitioner's direct appeal cannot be cause for a procedural default.  See Hodges v. Colson, 727 F.3d 517, 532 (6th Cir. 2013)["Under *Martinez's* unambiguous holding our previous understanding of *Coleman* in this regard is still the law - ineffective assistance of post conviction counsel cannot supply cause for procedural



default of a claim of ineffective assistance of appellate counsel."]. Ground Five is barred because it was not raised by counsel in the PCR appeal, and ineffective assistance of PCR appellate counsel is also not cause for a default. Cross v. Stevenson, No. 11-2874, 2013 WL 1207067 at * 3 (D.S.C. Mar. 25, 2013)["*Martinez*, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."](quoting Martinez, 132 S.Ct. at 1320); Lewis v. Williams, No. 12-3214, 2013 WL 3929993 at *4 (C.D.Ill. July 29, 2013)[Ineffective assistance of PCR appellate counsel is not a ground for relief under § 2254]; Flowers v. Norris, No. 07-197, 2008 WL 5401675 at * 11 (E.D.Ark. Dec. 23, 2008)[same].

To the extent that Petitioner asserts cause as a result of his limited seventh grade education or mental health issues, Petitioner has failed to offer any evidence to support his allegations regarding his mental health. See Cullen v. Pinholster, ___ U.S. ___, ___, 131 S.Ct. 1388, 1398 (2011)["review under §2254(d)(1) is limited to the record before the state court that adjudicated the claim on its merits".] Furthermore, with regard to his education, Petitioner testified at his PCR hearing that he went to ninth grade in school and successfully completed his education with a GED program. (R.p. 290); see also Court Docket No. 29-18, p. 26 [where Petitioner testified at his Kershaw County plea that he finished school through 12th grade]. Petitioner has also presented no evidence to support his unsupported and conclusory allegation that he felt pressure from the State to not raise any issue at trial regarding his right to counsel. See discussion, infra. Therefore, as Petitioner has failed to show cause for his procedural default on these issues, these claims are



procedurally barred from consideration by this Court. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, to the extent that Petitioner even somewhat argues that he is actually innocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges to which he was found guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if these claims are not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254; see also discussion, infra.



15

## II.

Even assuming <u>arguendo</u> that Grounds One and Two (to the extent Petitioner's claim with regard to the August 16, 2006 transcript relates to Ground One) were not procedurally barred, Petitioner has not shown that he is entitled to relief on these claims. In these grounds, Petitioner contends that the trial court's failure to conduct an inquiry into his waiver of counsel rendered that waiver invalid and that his appellate counsel was ineffective for failing to submit the transcript of the August 15, 2006 proceeding in which he allegedly waived that right.

Although procedurally barred, Petitioner attempted to raise Ground One in both his <u>pro se</u> direct appeal brief and in his APCR, where Petitioner had the burden of proving the allegations in his petition. <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert. denied</u>, 474 U.S. 1094 (1986). The PCR court rejected this claim, along with the claim asserted in Ground Five (which was not thereafter appealed), making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>Wilson v. South Carolina</u>, No. 09-CP-16-0146. Specifically, the PCR judge found that: 1) Petitioner raised several issues that should have been raised on direct appeal; 2) that the issue regarding the trial judge's admission of the photographic lineup into evidence - which was over Petitioner's objection- was an appellate issue; 3) that Petitioner failed to articulate how the trial judge's ruling on this issue violated his constitutional rights; 4) that the issue regarding whether or not he was entitled to counsel was also a direct appeal issue; 5) regardless, Petitioner admitted that Judge Milling advised him of the dangers of self-representation when his attorney was relieved in August 2006; 6) that Judge Baxley confirmed the Petitioner had been so advised and the Petitioner agreed; 7) that Petitioner's testimony that he could not tell Judge Baxley that he wanted counsel because of pressure from the State was simply not credible; 8) that issues



related to the Petitioner proceeding to trial without counsel should have been - and were - raised on direct appeal; 9) that Petitioner failed to articulate a cognizable post-conviction relief issue on his allegation that the victim's identification was inconsistent; 10) the Petitioner brought this issue out on cross-examination at trial; 11) this testimony went to the witness' credibility, not to the admissibility of the evidence; 12) that issues of credibility are weighed by the jury; 13) to the extent that Petitioner raised a claim of ineffective assistance of appellate counsel, he failed to meet his burden of proving his appellate counsel was ineffective; 14) appellate counsel filed an <u>Anders</u> brief which ensured the entire appellate record was reviewed by the South Carolina Court of Appeals; 15) appellate counsel is not required to raise every non-frivolous claim, but instead may rely upon their expertise and select issues in order to maximize the likelihood of success; 16) the Petitioner filed a *pro se* brief to the Court of Appeals in which he was able to raise any issues he deemed necessary; 17) Petitioner has failed to articulate what further action appellate counsel should have taken on this case; 18) Petitioner failed to meet his burden of proving the allegations in his PCR application; and 19) as to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this order, the Petitioner failed to present any evidence regarding such allegations, waived such allegations, and failed to meet his burden of proof regarding them.  (R.pp. 311-313).

Substantial deference is to be given to the state court's findings of fact.  <u>Evans v. Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert. denied</u>, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], <u>cert. denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000)(en banc), <u>cert. denied</u>, 112 S.Ct. 74 (2001).



In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001). With regard to Petitioner's claim that the state court erred in finding that he knowingly and voluntarily waived his right to counsel, he has failed to meet his burden of proof, as there is no clear and convincing evidence of error in the state Court's findings. See, discussion, infra. See also Faretta v. California, 422 U.S. 806, 835 (1975)[A defendant may choose to waive his right to counsel and represent himself, as long as the waiver is "knowingly and intelligently" made](citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938); State v. Dixon, 236 S.E.2d 419, 420 (S.C. 1977)["[I]t is the responsibility of the trial judge to determine whether there is or is not an intelligent and competent waiver."]. While Petitioner argues that he only has a seventh grade education and mental health issues, as previously discussed, Petitioner has failed to offer any evidence to support his allegations regarding his mental health, and his assertion about his education is contrary to his earlier testimony. See Cullen, 131 S.Ct. at 1398 (2011). (R.p. 290); see also Court Docket No. 29-18, p. 26. Petitioner has also failed to show any evidence that the State prevented him from raising any issue concerning his alleged desire for counsel with the Court.

Turning to Ground Two, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland, 466 U.S. at 698; Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990),



cert. denied, 499 U.S. 913 (1991)). Nevertheless, to the extent Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim (to the extent raised and properly exhausted in state court), as well any factual findings related to his other claims which were not properly presented in his state court proceedings but may possibly be considered under Martinez and Trevino.

       Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was



deprived of a fair trial. Here, after careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that appellate counsel was ineffective under the standard of <u>Strickland</u>. <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

        In Ground Two, Petitioner contends that his appellate counsel was ineffective for failing to submit the August 15, 2006 transcript of his waiver of counsel in his direct appeal, which he contends would support his allegation that he did not knowingly and voluntarily waive his right to counsel at trial. However, the record reflects that at the August 15, 2006 pretrial hearing before the Honorable John H. Milling, South Carolina Circuit Court Judge, Petitioner moved to be co-counsel with his then counsel, Robert Kilgo, a public defender. (R.p. 9). The court advised Petitioner that there was no provision for co-counsel. The court also specifically advised Petitioner of the danger in serving as counsel for himself, including that lack of training may cause him to miss points of law and points of procedure and that he would not be able to represent himself as well as an attorney could. (R.p. 9). The court also advised him that he could suffer prejudice and perhaps end up being convicted, pointing out that his attempt even in that proceeding to discuss certain facts on the record could have been prejudicial to him. (R.p. 9). The court advised Petitioner that he had a right to an attorney and that Mr. Kilgo was his attorney at that time, that were Kilgo to remain his counsel then during the trial he could bring things to Mr. Kilgo's attention and assist in that manner, rather than as co-counsel, but that he nevertheless did have the right to proceed as his own counsel if that was his choice, "in spite of the fact that it's dangerous to do so." (R.p. 10). After receiving this advice from the court, the court inquired whether Petitioner wanted to proceed with Mr. Kilgo



as his counsel, or without an attorney and do it by himself, to which Petitioner responded that he wished to represent himself.  The Court granted Petitioner's motion.  (R.p. 11).

Then, at trial, before the trial began, the trial court inquired as to whether Petitioner had any motions or issues that needed to be resolved.  (R.p. 43).  In response, the only issues Petitioner raised were with regard to suppression of a video tape and evidence relating to a line up.  (R.pp. 44-45).  The trial court then inquired again as to whether there were any other motions that needed to be resolved, and Petitioner responded, " . . . That's it.  That's all I have, sir."  (R.p. 45).  Petitioner did not raise the issue of his pro se representation, and the record is devoid of any evidence that the State pressured or prevented Petitioner from raising with the trial court any issue concerning his alleged desire to be represented by counsel.

Further, at his PCR hearing, Petitioner admitted that he had had a colloquy with Judge Milling about self representation when his attorney was relieved in August 2006, although he claimed that he was not made "fully aware" of the consequences of self-representation.  (R.p. 296).  However, the trial judge confirmed with Petitioner on the record that he had been advised of the consequences of his decision and warned about the dangers of self-representation and proceeding without counsel.  (R.p. 69).  Petitioner agreed with the trial court.  (R.p. 70).  The PCR court found Petitioner's testimony that he could not tell Judge Baxley that he wanted counsel because of pressure from the State was simply not credible. (R.p. 311).  The PCR court also found that this issue in Ground One should have been and was raised in Petitioner's direct appeal.  (R.p. 311).  The PCR court found that Petitioner's testimony was not credible, and that Petitioner failed to meet his burden of proof.  Petitioner has failed to show any reversible error in this finding.  Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].  Accordingly,



Petitioner has not shown that he did not knowingly and voluntarily waive his right to counsel nor any ineffective assistance of counsel with respect to his allegations about his appellate counsel failing to submit the August 16, 2006 transcript.  <u>Faretta v. California</u>, <u>supra</u>;  <u>State v. Dixon</u>, 236 S.E.2d at 420.

Therefore, Petitioner's Grounds One and Two, even if considered on the merits, are without merit and should be dismissed.  <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Williams v. Taylor</u>, 529 U.S. 362 (2000);  <u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence];; <u>see</u> <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969); <u>Smith</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.].

### III.

In Grounds Three and Four of his Petition, Petitioner alleges ineffective assistance of PCR counsel and that the South Carolina Supreme Court violated his constitutional rights by not granting certiorari.  However, these allegations do not concern Petitioner's underlying conviction. Rather, they concern alleged errors relating to his apparent desire to have the August 16, 2006 transcript submitted in his state collateral proceedings and for the state Supreme Court to grant certiorari on his issue concerning waiver.

Such claims are not a basis for federal habeas relief.  First, Petitioner has no claim for ineffective assistance of PCR counsel; <u>see</u>, discussion, <u>supra</u>; as conduct of PCR counsel can only



constitute "cause" for a default of a claim under certain circumstances, but is not itself an independent claim. <u>See also</u> 28 U.S.C. § 2254(i)["The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."]; <u>Martinez</u>, 132 S.C. at 1320[acknowledging that § 2254(I) precludes [a habeas petition] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief'"](quoting <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2563 (2010)); <u>Auls v. Cohen</u>, No. 11-2930, 2013 WL 496239 at *3 (D.S.C. Feb. 6, 2013)[finding allegation "PCR counsel was ineffective . . . is not a proper basis for a § 2254 petition," citing 28 U.S.C. § 2254(I)].  The Respondent is also correct that alleged infirmities in PCR proceedings do not state a basis for federal habeas relief.  <u>See</u> <u>Bryant v. Maryland</u>, 848 F.2d 492, 494 (4th Cir.1988) [claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; <u>Nichols v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir.1995), <u>cert. denied</u>, 518 U.S. 1–22(1996)["An attack on a state habeas proceeding does not entitle the petitioner to habeas relief...."]; <u>Spradley v. Dugger</u>, 825 F.2d 1566, 1568 (11th Cir.1987) (per curiam) ["Because claim (1) goes to issues unrelated to the cause of [the] petitioner's detention, it does not state a basis for habeas relief."];  <u>Hassine v. Zimmerman</u>, 160 F.3d 941, 954 (3d Cir.1998) [errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief].

Second, with regard to Petitioner's claim that the South Carolina Supreme Court should have entertained a petition for writ of certiorari in his APCR, the South Carolina Supreme Court has held it would not entertain a petition for writ of certiorari in a PCR matter after the South Carolina Court of Appeals had already denied that Petitioner's writ of certiorari.  <u>See</u> <u>Haggins v. State</u>, 659 S.E.2d 170, 170 (S.C. 2008).  The South Carolina Court of Appeals issued a letter order



23

in <u>Haggins</u> and in the present case.[13]  The South Carolina Supreme Court held,

> We find neither <u>Haggins</u>, nor our extension of <u>Haggins</u> herein, constitute a violation of constitutional rights.  <u>Ross v. Moffitt</u>, 417 U.S. 600 (1974); <u>Sloan v. South Carolina Boad of Physical Therapy Examiners</u>, 636 S.E.2d 598 (S.C. 2006); <u>Denene, Inc. v. City of Charleston</u>, 596 S.E.2d 917 (S.C. 2004); Rule 226(b), SCACR; 16C C.J.S. Constitutional Law § 1691 (2005).

<u>Missouri</u>, 663 S.E.2d at 481.

This same argument has been rejected by District Courts in South Carolina.  <u>See</u> <u>Ellison v. Padula</u>, No. 09-2261, 2010 WL 3399687 at *10 (D.S.C. July 30, 2010), <u>adopted by</u>, 2010 WL 3399622 (D.S.C. Aug. 24, 2010), <u>appeal dismissed by</u>, 418 Fed.Appx. 182 (4th Cir. 2001), <u>cert. denied</u>, 132 S.Ct. 765 (2011); <u>Stradley v. Warden</u>, No. 08-1875, 2009 WL 2914163 at **3-4 (D.S.C. Sept. 2, 2009).

Accordingly, Petitioner has not shown a basis for entitlement to federal habeas relief based on these issues.  <u>Wright v. Angelone</u>, 151 F.3d 151, 159 (4th Cir.1998) [alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action]; <u>Haggins</u>, 659 S.E.2d at 170; <u>Ellison</u>, 2010 WL 3399687 at *10; <u>Stradley</u>, 2009 WL 2914163 at **3-4.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

---

[13]The South Carolina Supreme Court extended the holding in <u>Haggins</u> to summary denials of <u>Johnson</u> petitions for writs of certiorari by the Court of Appeals.  <u>Missouri v. State</u>, 663 S.E.2d 480 (S.C. 2008); <u>see also</u> <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988).  The holding was even further extended to include cases beyond where a letter order was issued or a <u>Johnson</u> petition had been filed. <u>See</u> <u>Ellison v. State</u>, 676 S.E.2d 671 (S.C. 2009).



The parties are referred to the Notice Page attached hereto.



_____

Bristow Marchant
United States Magistrate Judge

December 18, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

