IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN ERVIN WILSON, a/k/a John Wilson SCDC ID 295493, a/k/a John E. Wilson, Jr., ) ) ) ) | No. 9:13-cv-1003-RMG |
| Petitioner, ) ) | **ORDER** |
| vs. ) ) | |
| MICHAEL MCCALL, Warden, Lee Correctional Institution, ) ) ) | |
| Respondent. ) ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 36), recommending that Respondent's Motion for Summary Judgment be granted. For the reasons stated below, the Court **ADOPTS** the R & R as modified below. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 28) is **GRANTED**.

### I. Background

Petitioner is an inmate with the South Carolina Department of Corrections. In September of 2006, Petitioner was convicted of armed robbery and possession of a weapon during the commission of a violent crime. (Dkt. No. 29-2 at 71-72.) Petitioner was sentenced to thirty years for armed robbery and five years, consecutive, for possession of a weapon during the commission of a violent crime. (*Id.* at 82-83.) Petitioner appealed, and the South Carolina Court of Appeals dismissed the appeal. (*Id.* at 97-98.) Petitioner then filed two applications for Post Conviction Relief (PCR) in state court, which were consolidated.[1] (*Id.* at 99-104, 115; Dkt. No.

---

[1] Petitioner filed a third PCR application that was dismissed as successive. (*See* Dkt. Nos. 29-13, 29-15, 29-17.)

29-6.) On October 27, 2009, the PCR Judge denied Petitioner's PCR applications in their entirety. (Dkt. No. 29-8.) Petitioner filed a Petition for Writ of Certiorari, and the South Carolina Supreme Court transferred the matter to the South Carolina Court of Appeals. (Dkt. No. 29-9.) The South Carolina Court of Appeals denied the petition on March 7, 2013, and remittitur was issued on March 25, 2013. (Dkt. Nos. 29-11, 29-12.)

Petitioner then filed this federal habeas corpus petition on April 15, 2013, raising the following grounds for relief, quoted verbatim:

> **Ground One**: Failure of inquiry to petitioner Knowing & Intelligent Waiver of his (6th) & (14th) Amend to counsel rendered waiver of that right invalid.
>
> **Ground Two**: Guaranteed by the (5th) (6th) & (14th) Amend, Due process, Petitioner right Was violated as petitioner Appellate Attorney'(s) Failure to disclose transcript & etc.
>
> **Ground Three**: PCR counsel ineffectiveness violated petitioner (5th) (6th) & 14th) Amend due process, by not showing Appellant counsel ineffectiveness or transcript.
>
> **Ground Four**: Supreme Court on petitioner Writ of Certiorari violated his (5th) (6th) & (14th) Amend due process by not granting certiorari For Waiver hearing.

(Dkt. No. 1 at 5, 6, 8, 10.)

Respondent noted a fifth ground in its Motion for Summary Judgment, and both parties have addressed it, though it is not clear where this claim is located in the Petition itself:

> **Ground Five**: The petitioner's right to the due process of Law, as guaranteed by the fifth [] Sixth and fourteenth Amendments, Was Violated by the State introduction of an suppressed mug shot during petitioners trial to the Victim & jury prejudice Petitioner to a Fair trial.

(Dkt. No. 29 at 8.) The Magistrate Judge recommended that summary judgment be granted to Respondent, finding (1) that Grounds One, Two, and Five were not properly raised and preserved

in his state court proceedings, barring federal habeas review, (2) that even if not procedurally barred, Petitioner has not shown that he is entitled to relief on Grounds One and Two, and (3) that Grounds Three and Four are not bases for federal habeas relief. (Dkt. No. 36.) Petitioner filed timely objections to the R&R. (*See* Dkt. No. 39.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the

burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. Discussion

### A. Ground One

The Court finds that this issue is not barred by procedural default.[2] Generally, an issue must be raised to and ruled on by a trial judge in order to be preserved for appellate review. *State v. Dunbar*, 587 S.E.2d 691, 693-94 (S.C. 2003). However, a " notable exception to this general rule requiring a contemporaneous objection is found when the record does not reveal a knowing and intelligent waiver of the right to counsel." *State v. Rocheville*, 310 S.C. 20, 425 S.E.2d 32, 35 n.4 (S.C. 1993). "The pro se defendant cannot be expected to raise this issue without the aid of counsel." *Id.* Thus, this ground was not procedurally barred from appellate review.[3]

However, the Court agrees with the Magistrate Judge that Petitioner has not shown that he is entitled to relief on this ground. A defendant may waive his right to counsel and represent himself as long as he "voluntarily and intelligently elects to do so." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013). "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta v. California*, 422 U.S. 806, 835 (1975) (internal quotes omitted). The Supreme Court has not "prescribed any

---

[2] Thus, the R & R is modified to exclude the finding and analysis that Ground One is procedurally barred from review.

[3] The Court also notes that the South Carolina Court of Appeals acknowledged the argument prior to dismissing Petitioner's appeal. (Dkt. No. 29-2 at 98.)

formula or script to be read to a defendant who states that he elects to proceed without counsel." *Iowa v. Tovar*, 541 U.S. 77, 88 (2004). "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (emphasis in original).

Upon a review of the record, Court holds that the South Carolina Court of Appeals and the PCR court's denial of relief on this claim was not contrary to, or an unreasonable application of, federal law. On August 15, 2006, approximately one month before trial, Petitioner appeared in front of the state court represented by Pubic Defendant Robert Kilgo. (Dkt. No. 29-1 at 3.) Petitioner requested to be "co-counsel" with Mr. Kilgo, and Judge Milling advised him that there "is no provision for co-counsel." (*Id.* at 11, 12.) Judge Milling advised petitioner of the dangers of self-representation and asked if he would rather have Mr. Kilgo continue to represent him or proceed without an attorney. (*Id.* at 11-13.) Petitioner responded, "I'd rather do it myself," and Judge Milling granted his motion. (*Id.* at 13.) At the beginning of trial, the trial judge placed Petitioner under oath and then asked him the following question,

> All right, Mr. Wilson, of course, we are beginning the trial of this case. I want you to understand that you are representing yourself, which you have every right to do so. You have had the discussion with Judge Milling about that, and you have been warned about the dangers of self-representation, and have proceeded without counsel, and now it is time for the trial?

(*Id.* at 71.) Petitioner responded, "Yes, Sir." (*Id.* at 72.) At his PCR hearing, Petitioner admitted that Judge Milling, who relieved Petitioner's attorney, advised him of the dangers of self-representation and that Judge Baxley, the trial judge, had "somewhat advised him of these dangers." (Dkt. No. 29-8 at 3.)

The PCR court reviewed the pre-trial and trial transcripts and observed Petitioner's testimony at the PCR hearing. (*See* Dkt. No. 29-8.) The PCR court found that this issue was a direct appeal issue, but, regardless, Petitioner was aware of the dangers and disadvantages of self representation. (*Id.* at 4.) The Court does not find this determination contrary to, or an unreasonable application of, federal law.

In his objections to the R & R, Petitioner states that he requested counsel after Judge Milling relieved Mr. Kilgo as his counsel and points to a handwritten letter by him dated August 17, 2006. (*See* Dkt. No. 39-2 at 1.) This letter was forwarded to Judge Baxley, the trial judge. (*Id.* at 2.) Before trial began Judge Baxley stated the following regarding this letter:

> Mr. Wilson, your case has been called for trial this morning. I want to place on the record, first of all that my office has received a letter from Mr. Wilson, which is a handwritten letter that I have not reviewed, because it would be ex parte communication, nor have I obviously, nor have I responded to it since it has not been reviewed.

(Dkt. No. 29-1 at 45.) Judge Baxley then marked this letter, along with a letter from Judge Lockemy to Petitioner stating that the letter was forwarded to Judge Baxley, as an exhibit and included them in the record. (*Id.*) The trial judge then gave Petitioner an opportunity to raise with him any issues noted in this letter:

> Mr. Wilson, we are going to note these [letters] for the record as I stated. I ask you now sir, are there any motions or issues that we need to resolved before the jury is brought in to begin the trial of this case?

(*Id.*) Petitioner made a motion to suppress a DVD. (*Id.* at 46.) After discussion the suppression motion, Judge Baxley asked Petitioner, "any other motion that we need to resolve?" (*Id.* at 47.) Petitioner replied, "That's it. That's all I have, Sir." (*Id.*) Petitioner was clearly and explicitly made aware of the fact that Judge Baxley had not read his letter and was invited to raise any issues with Judge Baxley before trial, but Petitioner did not make a request for counsel or even

-6-

mention counsel to Judge Baxley. Judge Baxley's handling of this ex parte communication by Petitioner was not contrary to, or an unreasonable application of, federal law.[4] There is no indication in the trial transcript, and Petitioner has pointed to none, that he attempted to request counsel before or during the trial. Thus, there was no request for Judge Baxley to act on. The PCR court also found Petitioner's "testimony that he could not tell Judge Baxley that he wanted counsel because of pressure from the State is simply not credible." (*Id.*) Petitioner has presented no clear and convincing evidence to disturb this finding by the PCR court.

## B. Ground Two

The Court agrees with the Magistrate Judge that this ground is procedurally barred from federal habeas review. A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Procedural bypass, sometimes referred to as procedural bar or procedural default, occurs when a petitioner seeking habeas corpus relief failed to the raise the issue asserted in his habeas petition at the appropriate time in state court. Because the petitioner has no further means of raising the issue before the state courts, he is considered to have bypassed his state court remedies and is, thus, procedurally barred from raising the issue in a federal habeas proceeding. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("A claim is procedurally

---

[4] The Court notes that the Supreme Court has never explicitly addressed a criminal defendant's ability to re-assert his right to counsel after a valid waiver and that affording trial judges discretion in considering post-waiver requests for counsel "is not contrary to 'clearly established Federal law, as determined by the Supreme Court of the United States.' § 2254(d)(1)." *Marshall*, 133 S. Ct. at 1451.

defaulted when it is rejected by a state court on an adequate and independent state procedural ground."). However, if a federal habeas petitioner can show both (1) "cause for noncompliance with the state rule" and (2) "actual prejudice resulting from the alleged constitutional violation," the federal court can consider the claim. *Murray*, 477 U.S. at 533 (internal quotations omitted).

Here, Petitioner did not raise ineffective assistance of appellate counsel in his PCR applications. (*See* Dkt. No. 29-2 at 99-104, Dkt. No. 29-6.) At some point in the PCR proceeding, Petitioner claimed that his appellate counsel failed to raise several issues on appeal, but he did not claim appellate counsel was ineffective for failing to file a copy of the transcript from the August 15, 2006 proceeding. (*See* Dkt. No. 29-8 at 4.) Thus, the PCR court addressed the issue of whether appellate counsel was ineffective for failing to raise issues on appeal but did not address the issue of whether she was ineffective for failing to file the August 15, 2006 transcript. (*Id.* at 5.) If the PCR court fails to address a claim as is required by S.C. Code Ann. 17-27-80, the applicant must make a Rule 59(e) motion to preserve the issue on appeal. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Because Petitioner did not do so, he failed to fairly present his claim to South Carolina's appellate courts and bypassed his state court remedies. Thus, this issue is procedurally barred from federal habeas review unless Petitioner can show (1) cause for not complying with the state court's procedural rule (here, filing a Rule 59(e) motion) and (2) actual prejudice resulting from the alleged constitutional violation. *E.g., Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999). While Petitioner argues in his objections that his appellate counsel on direct appeal was ineffective (Dkt. No. 39 at 11-14), this is not cause to excuse his procedural default *in his PCR proceeding*.

In his briefing before the Magistrate Judge, Petitioner appears to claim that his PCR counsel was ineffective in not filing a Rule 59(e) motion. (*See* Dkt. No. 32 at 22-23.) Generally,

-8-

a PCR attorney's negligence does not establish cause for a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). However, the Supreme Court recognized a narrow exception to this general rule in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), holding that, in certain circumstances, ineffective assistance of counsel in an initial PCR proceeding can provide "cause" for not complying with state procedural rules regarding a claim of ineffective assistance at trial.

There is a split among the Federal Courts of Appeals as to whether the *Martinez* exception applies in a case where the underlying ineffective assistance of counsel is by appellate counsel rather than trial counsel. *Compare Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1289 (9th Cir. 2013) (holding that *Martinez* does apply where the underlying ineffective assistance of counsel is by appellate counsel) *with Hodges v. Colson*, 727, F.3d 517, 531 (6th Cir. 2013) ("Under *Martinez*'s unambiguous holding our previous understanding of *Coleman* in this regard is still the law—ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel."); *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012) ("*Martinez* applies only to a prisoner's procedural default of a claim of ineffective assistance at trial, not to claims of deficient performance by appellate counsel.") (internal quotes omitted). The Fourth Circuit has not addressed the issue.

However, the Court need not decide the issue here.[5] Even if the *Martinez* exception applies in such instances, Petitioner has not demonstrated cause here. To show cause under *Martinez*, a prisoner must demonstrate (1) that his PCR counsel was ineffective under *Strickland* and (2) that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one."

---

[5] The R & R is modified to exclude the Magistrate Judge's determination that *Martinez* is not applicable to claims regarding appellate counsel. (*See* Dkt. No. 36 at 13.)

-9-

132 S. Ct. at 1318. Petitioner has not show that his PCR counsel was ineffective under *Strickland*.

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that PCR counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, the PCR Court did read the August 15, 2006 transcript and found that Petitioner was properly advised of the dangers of self-representation. (Dkt. No. 29-8 at 4.) Thus, if Petitioner's PCR counsel had raised this issue with the PCR court, the court would have very likely found appellate counsel was not ineffective for failing to file a transcript, which showed that Petitioner was properly advised of the dangers of self-representation and had validly waived his right to counsel. Furthermore, the entire colloquy from the August 15, 2006 proceeding was included in Petitioner's petition for writ of certiorari in his PCR proceeding (*see* Dkt. No. 29-9 at 5-6), and the South Carolina Court of Appeals, having read this entire colloquy and PCR counsel's argument that appellate counsel was ineffective in failing to raise the issue of whether Petitioner's waiver was valid, denied the petition on March 7, 2013. (Dkt. No. 29-11.) If the Court of Appeals did not find appellate counsel ineffective for failing to raise the issue of Petitioner's waiver when the transcript was before it, it would not have found appellate counsel ineffective for simply failing to file the transcript. Petitioner has failed to show "a reasonable

probability" that the PCR proceeding would have been different had his PCR counsel raised the transcript issue in the PCR proceeding. Having failed to show cause under *Martinez*, this ground is procedurally barred.[6]

## C. Ground Three

The Magistrate Judge correctly found that this ground is not a valid basis for federal habeas review. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). To the extent Petitioner claims that ineffectiveness of PCR counsel constitutes cause for his procedural default on Ground Two, those claims are address in Part III. B., above.

## D. Ground Four

The Magistrate Judge correctly found that this ground (not granting certiorari in Petitioner's PCR proceeding) is not a valid basis for federal habeas review. *See Ellison v. Padula*, No. 09-cv-2261, 2010 WL 3399687 at *9 (D.S.C. July 30, 2010), *adopted by* 2010 WL 3399622 (D.S.C. Aug. 24, 2010). Because a state prisoner has no federal constitutional right to post-conviction proceedings in state court, error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief. *E.g. Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008).

---

[6] To the extent that Petitioner claims his appellate counsel was ineffective for raising certain issues, the PCR court addressed this claim and found Petitioner failed to meet his burden. (Dkt. No. 29-8 at 5.) Appellate counsel's failure to raise the issue of Petitioner's waiver was the one issue raised in Petitioner's petition for writ of certiorari, which was denied. (Dtk. Nos. 29-9, 29-11.) The Court holds that the PCR court's denial of relief on this claim was not contrary to, or an unreasonable application of, federal law.

**E. Ground Five**

The Magistrate Judge found this ground was procedurally barred because, while it was raised in his PCR application, the issue was not pursued in Petitioner's PCR appeal. (Dkt. No. 36 at 7-8.) However, under South Carolina law, claims that could have been raised on direct appeal may not be raised in PCR proceedings. *E.g., Wilson v. Ozmint*, 352 F.3d 847, 867 (4th Cir. 2003) (citing *Drayton v. Evatt*, 430 S.E.2d 517, 519 (S.C. 1993)). Here, the PCR court explicitly found that this ground should have been raised on direct appeal and could not be raised in the PCR proceeding (Dkt. No. 29-8 at 4), and this ground was in fact raised by Petitioner on direct appeal. (Dkt. No. 29-4 at 8; Dkt. No. 29-2 at 98.) As the Fourth Circuit explained,

> if [Petitioner] exhausted his claim in state court on direct appeal, then the state court would have had an opportunity to address the claim, regardless of whether he raised it improperly in his state post-conviction hearing. Thus, absent other procedural hurdles, it would be ripe for habeas review.

*Ozmint*, 352 F.3d at 867. Because Petitioner properly exhausted this ground on direct appeal, it is not procedurally defaulted. Thus, Court modifies the R & R to exclude the finding and analysis that this claim is procedurally defaulted and addresses the merits of the claim.

Petitioner complains that a suppressed mug shot was entered into the record. (Dkt. No. 39 at 18.) The mug shot was admitted as an exhibit to a *Neil v. Biggers* hearing conducted outside the presence of the jury. (Dkt. No. 29-1 at 55.) The trial court determined that the mug shot was not admissible and would not let it be shown to the jury. (*Id.* at 70.) In fact, during deliberations, the jury asked to see the photo lineup that included the mug shot, and the trial court responded that the picture was not put into evidence and that he could not supplement the evidence at this time. (Dkt. No. 29-2 at 69-70.) As the jury never saw the mug shot, its addition to the record could not have "so infected the entire trial that the resulting conviction violates due

process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Respondent is entitled to summary judgement on this ground.

## IV. Conclusion

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 36) as modified in this Order. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 28) is **GRANTED**.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

January 13, 2014
Charleston, South Carolina

-13-